UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KATHLEEN BRANDNER, ET AL.                          CIVIL ACTION

VERSUS

                                                                  NO. 18-599-SDD-RLB

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, ET AL.

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on November 13, 2018.

                                                                                                                     _____
                                                                                                               **RICHARD L. BOURGEOIS, JR.**
                                                                                                               **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHLEEN BRANDNER, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-599-SDD-RLB** |
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand (R. Doc. 4) filed on July 16, 2018. The motion is opposed by State Farm Mutual Automobile Insurance Company. (R. Doc. 8). Plaintiffs have filed a Reply. (R. Doc. 13).

**I.    Background**

On or about January 19, 2017, Plaintiffs initiated this litigation in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. (R. Doc. 1-4). Plaintiffs allege that a vehicle operated by Defendant Morgan Lanoux struck their vehicle from behind on or about April 6, 2016. (R. Doc. 1-4 at 5). As a result of the collision, Plaintiffs allege they suffered injuries and damages, including physical and mental injuries, medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, disability, lost wages and/or earning capacity, and property damage. Plaintiffs sued the alleged driver of the vehicle, as well as the alleged primary insurer, uninsured motorist insurer, and umbrella insurance carrier. (R. Doc. 1-4 at 6).

Defendants removed the suit to federal court on May 31, 2018, alleging the existence of diversity jurisdiction. (R. Doc. 1 at 1). Defendants acknowledge that Defendant Lanoux is a citizen of Louisiana, but argue that, during a May 4, 2018 deposition, Plaintiff Kathleen

Brandner "clearly and definitely indicated her intention to abandon and discontinue any claim against Morgan Lanoux, the only non-diverse defendant present." (R. Doc. 1 at 3). Plaintiffs filed their Motion to Remand (R. Doc. 4) on July 16, 2018, arguing a lack of complete diversity, or alternatively, insufficient jurisdictional amount.

## II.     Law and Analysis

### A.     Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916

(5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**B.    Analysis**

**1.    Diversity Jurisdiction**

The issue before the Court is whether certain deposition testimony given by Plaintiff Kathleen Brandner, and a stipulation entered by Kathleen and Michael Brandner on behalf of Hannah and Abigail Brandner, remove the only non-diverse defendant from the litigation such that complete diversity does not exist. State Farm argues that Mrs. Brandner's testimony establishes a lack of intent to recover from Defendant Lanoux such that her citizenship should be ignored for purposes of diversity jurisdiction. (R. Doc. 8 at 2). The relevant testimony is as follows:

> Q:    If your verdict eventually exceeds that amount, do you personally, Kathleen Brandner, without talking to your lawyers – do you intend on going after Morgan Lanoux individually and personally for that amount in excess of any other insurance?
>
> . . .
>
> A:    No.

(R. Doc. 8-1 at 12-13). Additionally, after a discussion off the record noted in the deposition transcript, counsel for Plaintiffs offered the following stipulation:

> Mr. Comeaux: We've taken a short break. This is Todd. At this point, I'm going to stipulate on behalf of Michael and Kathleen Brandner on behalf of their minor son, Matthew Brandner, Abigail and Hannah, which – yeah, all three – that their claims will not exceed either the primary limits of Allstate in conjunction with the uninsured limits of State Farm; thereby, I will never get to the $1 million excess umbrella policy written by Nautilus Insurance Company for either one of the three minor children.
>
> (R. Doc. 8-1 at 17-18).

3

There is no evidence submitted that any Plaintiff has executed a settlement agreement with Defendant Lanoux, nor is there any evidence submitted that Defendant Lanoux has been dismissed from the litigation.

State Farm argues, essentially, that Plaintiff Kathleen Brandner's May 4, 2018 deposition testimony constitutes an "other paper" from which it was first able to ascertain that the case is one which has become removable pursuant to 28 U.S.C. § 1446(b)(3). For State Farm to succeed on its claims that diversity jurisdiction is present, the Court would have to find that Mrs. Brandner's deposition testimony sufficiently establishes that all Plaintiffs have abandoned all their claims against Defendant Lanoux such that Defendant Lanoux is improperly joined and her citizenship should be ignored for purposes of diversity jurisdiction.[1]

Even assuming, *arguendo*, that Mrs. Brandner's deposition testimony is sufficient to establish an abandonment of any claims she has against Defendant Lanoux, State Farm's arguments still fall short of establishing diversity jurisdiction in this matter. Mrs. Brandner's deposition testimony represents that she settled with Defendant Lanoux's insurer for personal injury claims, not the claims of her minor children. (R. Doc. 8-1 at 11). Follow up questioning by counsel for Defendants inquires as to whether Mrs. Brandner "personally" intends "on going after Morgan Lanoux individually and personally for that amount in excess of any other insurance." (R. Doc. 8-1). With the use of the word "personally," counsel for Defendants excluded the claims of the three minor children from the question, or at the very least, it is ambiguous as to whether the question excluded the claims of the three minor children.

---

[1] The Court notes that Plaintiff has not challenged the timeliness of the removal, which is a procedural defect that can be waived. *See Belser v. St. Paul Fire and Marine Ins. Co.*, 965 F.2d 5, 8 (5th Cir. 1992) (citing *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543-44 (5th Cir. 1991)) ("Because untimely removal is not a jurisdictional defect, the procedural imperfection is waived if not raised in a timely motion to remand.").

4

State Farm argues alternatively that the stipulation provided by counsel for Plaintiffs during Mrs. Brandner's deposition suggests an abandonment of the three minor children's claims against Defendant Lanoux. (R. Doc. 8 at 2). The Irrevocable and Binding Stipulation executed by Kathleen and Michael Brandner purports to limit the recovery of Hanna Brandner and Abigail Brandner to "an amount not to exceed the sum of $75,000.00, exclusive of interest and costs." (R. Doc. 4-7 at 4). The Stipulation does not limit the recovery of Plaintiff Matthew Brandner, a third minor child alleged to have been in the vehicle at the time of the accident.

Plaintiffs also argue in both their Motion and Reply that Mrs. Brandner's property damage claim remains outstanding, a fact Plaintiffs allege was ignored by State Farm in their removal of the litigation. (R. Doc. 4-1 at 4-5; R. Doc. 13 at 2). Mrs. Brandner alleged certain damages, including "[p]roperty damage to her vehicle Chevrolet Suburban." (R. Doc. 1-8 at 7). As Plaintiffs point out, Defendant Lanoux responds in her Answer accord and satisfaction as to Mrs. Brandner's bodily injury claim, and challenges the validity of the property damage claim, but does not suggest Mrs. Brandner's property damage claim has been extinguished. (R. Doc. 3 at 6). This Answer was filed July 16, 2018, two months after the May 4, 2018 deposition of Mrs. Brander upon which State Farm relies to suggest that Mrs. Brandner's claims against Defendant Lanoux were abandoned. Thus, even were the Court to find that Mrs. Brandner abandoned her bodily injury claims against Defendant Lanoux, the same cannot be said as to her property damage claims, the continued existence of which is recognized in Defendant Lanoux's Answer.

Defendants' Notice of Removal (R. Doc. 1) contradicts a finding that all of the Plaintiffs' claims against Defendant Lanoux have been abandoned. The Notice suggests that the operative facts revealing "a deliberative act by the plaintiff to circumvent federal jurisdiction" include an admission in deposition by Mrs. Brander of her lack of intent to seek judgment against Lanoux

5

such that "there is no justifiable reason for Morgan Lanoux to remain as a defendant with regards to the claim of Kathleen Brandner." (R. Doc. 1 at 5). This statement is explicitly limited to the claims of Mrs. Brandner against Defendant Lanoux, with no mention of Mrs. Brandner's deposition testimony evidencing an abandonment of the claims of the three minor children against Defendant Lanoux. To the extent Defendants argue that the Brandners have limited the claims of two of their minor children to less than $75,000.00 each, and that they would not seek recovery against Defendant Lanoux, the Stipulation relied upon in support of this argument makes no reference to the third minor child, Matthew Brandner.

There has been no evidence offered as to an abandonment of the claims of Plaintiff Matthew Brandner against Defendant Lanoux. Accordingly, at the very least, Defendant Lanoux remains a party as to the claims of Plaintiff Matthew Brandner. The Court makes no finding as to the timeliness of removal, or the effect of the deposition testimony and Irrevocable and Binding Stipulation has on any Plaintiff's claims against Defendant Lanoux because, regardless of those findings, the Plaintiffs' Motion to Remand (R. Doc. 4) should be granted on the basis of the existing claims of Plaintiff Matthew Brandner against Defendant Lanoux.[2]

It is also noted that the Answer to Petition and Supplemental and Amending Petition (R. Doc. 3) filed by Defendant Lanoux directly contradicts the position of State Farm, the only Defendant opposing remand. Defendant Lanoux admits she is a citizen of Louisiana, a fact not

---

[2] In addition, Plaintiffs note in their Motion and Reply that State Farm, after Mrs. Brandner's deposition, is suggesting that it provides no coverage to Plaintiffs, which would vitiate any finding that Mrs. Brandner abandoned her claims against State Farm. (R. Doc. 4-1 at 6; R. Doc. 13 at 4-5). In its Answer, State Farm admits that it issued a policy of insurance to Michael and Kathleen Brandner, but couches its issuance of the insurance policy in its reliance on the good faith of Plaintiffs. (R. Doc. 1-5 at 2). Notwithstanding its Answer, Plaintiffs argue in briefing that, at the time Mrs. Brandner was deposed, State Farm had accepted coverage and made *McDill* tenders, and that State Farm did not inform Plaintiffs that there was no coverage until after she was deposed. (R. Doc. 4-1 at 6; R. Doc. 13 at 5). In the Status Report, State Farm states that it "respectfully pleads all affirmative defenses available pursuant to Mississippi law." (R. Doc. 5 at 3). Plaintiffs suggest that this position is a new affirmative defense "that may render the State Farm UM policy null and void," and that such a new statement by State Farm would vitiate any prior consent of Mrs. Brandner to abandon her claims against it. (R. Doc. 4-1 at 6). The Court makes no finding on the merits of these arguments.

6

contested by any party. (R. Doc. 3 at 1). Importantly, Defendant Lanoux also represents "that there is a lack of diversity between defendant and plaintiffs herein and therefore a lack of jurisdiction of this court." (R. Doc. 3 at 6). Defendant Lanoux's Answer was filed on July 16, 2018, more than two months after the deposition testimony of Kathleen Brandner that forms, at least in part, the basis of State Farm's argument of the propriety of removal and makes no allegation or representation that the claims against her have been abandoned.

As Defendant Lanoux is citizen of Louisiana, complete diversity is lacking, and this case should be remanded for lack of subject matter jurisdiction.

### 2. Sanctions

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Plaintiffs request the Court award sanctions pursuant to 28 U.S.C. § 1447(c). (R. Doc. 4-1 at 7). In support of this request, Plaintiffs suggest that Defendants' removal lacked an objectively reasonable basis because Defendants knew, at all times, that the Plaintiffs and Defendant Lanoux

7

are Louisiana citizens. (R. Doc. 4-1 at 8). State Farm opposes the imposition of sanctions, arguing that it has pled facts that establish an objectively reasonable basis for removal. (R. Doc. 8 at 8).

The Court finds the award of sanctions against Defendant State Farm to be unwarranted under these circumstances. Although the Court disagrees with the basis for removal and finds that the defendant has not met its burden of establishing the propriety of removal, the Court does not find that removal was objectively unreasonable. Each party is to bear its own costs.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 4) be **GRANTED**, and this action **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 13, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**